UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK A. YOUNG,<br><br>      Plaintiff,<br><br>  v.<br><br>CUS VAN OGLE *et al*.,<br><br>      Defendants. | Case No.  C04-5080FDB<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>**JUNE 3rd, 2005** |

  This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant's motion for summary judgment.  (Dkt. # 28).  The plaintiff opposes the motion.  (Dkt. # 47 to 50).  The motion was filed July 30th, 2004.

  In addition to filing a response to the motion plaintiff filed motions regarding discovery that resulted in delaying the courts consideration of the summary judgment.  The motion for summary judgment is now ripe for review and the other motions have been adjudicated.

FACTS AND SUMMARY

  Plaintiff is an inmate who was incarcerated at the Stafford Creek Corrections Center in March of 2003.  On March 17th, 2003 plaintiff was placed in segregation.  Plaintiff does not contest the constitutionality of his placement, and in fact indicates he caused the placement as

Report and Recommendation
Page - 1

part of a plan to get transferred to another facility. (Dkt. # 47 page 3). When plaintiff arrived at segregation he asked about receiving an extra mattress but he was not given one immediately upon request. He was told security staff would need to check with medical staff about his alleged need for the extra mattress. (Dkt. # 1).

On March 18th, 2003 at approximately 3:25 A.M., less than 24 hours after being placed in segregation, plaintiff was placed in a holding cell. He had refused a number of meals and indicated he would not eat or drink. (Dkt. # 28 page 2, see also, Dkt. # 1). Plaintiff does not show that any named defendant played any part in the decision to place him in the holding cell, and in his deposition he admitted that prison staff had cause for placing him in the holding cell. (Dkt. # 50-6, exhibit H, page 20 of Mr. Young's deposition). Defendants contend they feared plaintiff was suicidal, that they had been informed plaintiff's father was gravely ill and plaintiff was refusing to eat and acting despondent. (Dkt. # 28).

According to plaintiff the holding cell contained a 1" foam mattress to sleep on. The video tape of the cell extraction in this case shows what appears to be a toilet and sink in the cell as well. The cell is over 6 feet in length, but plaintiff claims the cell is only 50 " wide.

Plaintiff suffers from a long list of physical aliments including back problems, arthritis, a badly damaged left leg from a gun shot wound, and other skeletal and muscular problems. Plaintiff alleges that after being in the holding cell and laying on the floor on the 1" pad for several hours he was unable to stand or comply with Defendant Van Ogles orders to come to the cell front and be cuffed in a normal manner. Plaintiff claims the cell was cold, with a stream of air flowing under the cell door. He claims that without 2 mattresses, and other items he is normally allowed to have, his legs went numb and he could not walk or stand. Plaintiff also claims he was in pain as a result of the conditions of confinement.

Plaintiff was removed from the holding cell by an extraction team as he would or could not stand on his own. He was very briefly examined by RN Bale who found he had "pretty good" strength in his legs for a person claiming to have numb legs. (Dkt. # 50 exhibit 1 video taped of the cell extraction). He was then carried half way to a new cell, placed on a gurney and

Report and Recommendation
Page - 2

1  moved the remaining distance to the new cell. (Dkt. # 50, exhibit A (the video tape of the cell
2  extraction).

3       Plaintiff was carried into the new cell and placed on a bunk that had a mattress folded on
4  it. Staff did not unfold the mattress for plaintiff, but instead placed plaintiff on his stomach with
5  his legs on the bare concrete bunk. Staff removed the restraints that had been placed on him, and
6  exited the cell with the Electronic Immobilization Device, (EID), Officer screening the movement
7  of the other members of the extraction team.[1]  (Dkt. # 50 exhibit 1 video of cell extraction).
8  Four hours later plaintiff was observed by prison staff walking in his new cell. Plaintiff did not
9  seek any medical attention for any alleged injuries or physical condition.

10       Plaintiff was infracted for refusing a direct order, interfering with staff in performance of
11  their duties, creating a false medical emergency. (Dkt. # 28 page 6). Plaintiff was found guilty
12  and lost good time as a result of the infractions. Although the plaintiff has challenged the finding
13  of guilt in a personal restraint petition in state court the findings have been upheld. (Dkt. # 28
14  page 6).

15       Plaintiff alleges the force used to extract him from the cell was excessive, the conditions
16  of confinement in the holding cell were unconstitutional, and that medical personnel violated a
17  duty owed to him in allowing the forced cell extraction to occur. The named defendants are
18  Custody Unit Supervisor, (CUS), Van Ogle, Correctional Lieutenant Pennington, and Registered
19  Nurse Bale.

20       Having reviewed the entire file and the video tape of this incident the court recommends
21  that this action be **DISMISSED WITH PREJUDICE.**

22                             STANDARD OF REVIEW

23       Pursuant to Fed. R. Civ. P. 56 (C), the court may grant summary judgment "if the
24  pleadings, depositions, answers to interrogatories, and admissions on file, together with
25  affidavits, if any, show that there is no genuine issue of material fact and that the moving party is

---

[1] The EID is a plastic shield with metal bands on it and is capable of delivering an electric shock. While the shield was placed on the plaintiff during the cell extraction and move, there is no indication it was ever activated.

Report and Recommendation
Page - 3

entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (C).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

## DISCUSSION

A.  Condition of confinement.

The Eighth Amendment prohibits infliction of cruel and unusual punishment.  The Eighth Amendment is violated when an inmate is deprived of the minimal civilized measure of life's necessities. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Young v. Quinlan, 960 F.2d 351, 359 (3rd Cir. 1992).  To establish an Eighth Amendment violation, an inmate must allege both an objective element–that the deprivation was sufficiently serious–and a subjective element–that a prison official acted with deliberate indifference. Id. at 359-60.  To constitute deliberate indifference, an official must know of and disregard an excessive risk to inmate health or safety;  the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; **and the official must also draw the inference**. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1983 (1994) (emphasis added).

Plaintiff does not challenge the decision to place him in the holding cell.  Indeed, he has come forward with no evidence to show that any of the named defendants in this action played any part in the decision to place him in the holding cell.  He was placed in the cell at

1  approximately 3:35 in the morning. His first mention of any of the named defendants indicates
2  that after he had been in the holding cell for about 8 hours he saw CUS Van Ogle "making passes
3  by Plaintiff's 'holding cell' observing plaintiff laying on the floor". (Dkt. # 1 attachment to page
4  3).

5      By this point in time plaintiff alleges he could not walk. Defendants contend plaintiff was
6  faking a medical condition. In either event, no named defendant violated a constitutional duty
7  owed plaintiff.

8      Plaintiff was placed in a holding cell for observation as staff had a concern he may be
9  suicidal. Plaintiff was in the holding cell for approximately twelve hours. Plaintiff does not
10 contend the cell was so cold he was hypothermic or that a normal person wold have found the
11 conditions inhumane. Instead, he claims that because of his special medical condition he suffered
12 pain. Plaintiff has failed to show that any named defendant was aware of his placement until he
13 had been there eight hours and he has not shown any lasting injury.

14     Assuming for the sake of argument that plaintiff's condition after eight hours in the cell
15 fulfills the objective element–that the deprivation was sufficiently serious, plaintiff's claim still
16 fails because he has failed to show that any named defendant believed plaintiff. Thus, plaintiff
17 fails to fulfill the subjective element of an Eighth Amendment violation. Defendants are entitled
18 to summary judgment on this claim.

19     In responding to the motion for summary judgment plaintiff now alleges that while he
20 was unable to stand in the holding cell he urinated and was forced to lay in a pool of his own
21 urine for a number of hours. This allegation was not part of the original complaint and is not
22 properly before the court. Further, review of the tape does not reveal any evidence to support
23 plaintiff's new allegation.

24     B.   <u>Excessive Force</u>.

25     The use of unnecessary or excessive force inquiry requires the court or trier of fact to
26 consider whether the force was applied in a good faith effort to maintain or restore discipline, or
27 maliciously and sadistically to cause harm. <u>Hudson v. McMillin</u>, 112 S.Ct. 995, 999 (1992).

28

Report and Recommendation
Page - 5

1  Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). Here, defendants were confronted with an
2  inmate who had just been sent to segregation the day before, had refused all meals, and had been
3  paced in a holding cell for observation. The inmate was claiming he could not stand and be
4  cuffed in a normal manner. The inmate claimed he could no longer walk after only eight to
5  twelve hours in the holding cell.

6  For prison officials to believe plaintiff may be faking injury and attempting to lure officers
7  into a physical confrontation was reasonable. Indeed, plaintiff himself does not contend the
8  officers used unnecessary force in removing him from the cell or restraining him. His contention
9  is that it was unconstitutional for the officers to have carried him down the hallway to a gurney
10 instead of having the gurney cell front. He fails to show defendant knew he would not or could
11 not walk or that the defendants had him carried to cause him harm or pain. He also contends it
12 was a violation to place him in a cell on a bunk that had the mattress folded.

13 Plaintiff's claims are patently frivolous. Plaintiff has failed to come forward with any
14 evidence to show defendant's acted maliciously and sadistically to cause harm. Plaintiff did not
15 come out of his cell when ordered to do so. He was removed and carried to a new cell. Part
16 way through the movement officers placed him on a gurney. When officers arrived at the new
17 cell plaintiff was placed face down on a bunk so restraints could be removed and officers could
18 safely exit the cell. The force used was no greater than that needed to accomplish valid
19 penological goals, movement of an inmate from one cell to another.

20     C.    Medical treatment.

21 An inmate's Eighth Amendment rights are violated if he or she is treated with deliberate
22 indifference to his or her serious medical needs. *See* Estelle v. Gamble, 429 U.S. 97, 106 (1976);
23 Jones v. Johnson, 791 F.2d 769, 771 (9th Cir. 1986). The indifference to medical needs must be
24 substantial; a constitutional violation is not established by negligence or "an inadvertent failure to
25 provide adequate medical care." Estelle, 429 U.S. at 105-106; see Anthony v. Dowdle, 853 F.2d
26 741, 743 (9th Cir. 1988). Similarly, a difference in opinion as to diagnosis or treatment does not
27 establish a constitutional violation. Shields v. Kunkle, 442 F.2d 409, 410 (9th Cir. 1971).
28

1  Plaintiff never asked for medical treatment, indicates he would have refused treatment,
2  and he has shown no physical injury.  Surly plaintiff does not contend medical personnel had a
3  duty to treat him without his consent.  Further, the use of force and placement in the holding cell
4  were done for legitimate penological reasons.  While the movement of plaintiff from the holding
5  cell to a new cell may have caused him pain he has not shown deliberate indifference or a
6  culpable state of mind on the part of any defendant.  Defendants are entitled to summary
7  judgment.

## CONCLUSION

9  The defendants in this action are entitled to summary judgement.  Accordingly, the action
10  should be **DISMISSED WITH PREJUDICE**.

11  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure,
12  the parties shall have ten (10) days from service of this Report to file written objections.  *See*
13  *also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for
14  purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit
15  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 3rd,**
16  **2005**, as noted in the caption.

DATED this 28th day of April, 2005.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

Report and Recommendation
Page - 7